UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE REEVES, JR. | CIVIL ACTION |
| VERSUS | NO. 07-2229 |
| STATE FARM FIRE & CASUALTY COMPANY | SECTION: "C" (3) |

ORDER AND REASONS

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. Having considered the record, the memoranda and the law, the Court has determined that it lacks jurisdiction for the following reasons.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and allegedly due under his homeowner's policy. The defendants removed based on diversity. The Court then ordered the parties to submit memoranda regarding whether there was at least $75,000 in controversy on the date of removal and the amount of money, if any, that the plaintiff received under his flood insurance policy for damage to

1

the same property. In his petition, the plaintiff demands the remaining policy limits under Louisiana's Valued Policy Law, La. Rev. Stat. §22:695 ("VPL"), and did not request trial by jury. (Petition, ¶ IX). In its memorandum on jurisdictional amount, the defendant acknowledges that the policy limits are $95,100.00 for the building, $54,920.00 for contents and $9,986 for ancillary buildings, for VPL policy purposes. See, Rec. Doc. 6. In the plaintiff's memorandum, he admits receiving $108,000.00 in flood insurance proceeds for structure and $21,000 for contents damage. See, Rec. Doc. 7.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in

controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

This Court has ruled that flood insurance recovery must be offset against any homeowners recovery under the VPL for present purposes.  Glaser v. State Farm Fire & Casualty Co., 2007 WL 1228794 (E.D.La.).[1]  The amount remaining under the homeowner's policy, assuming it represents an accurate value of the insured property and that the property was a total loss, is less than the minimum amount in controversy

---

[1]  In finding that the flood payment offset must be taken into account in determining whether the jurisdictional amount existed at the time of removal, this Court joins Judges Vance and Judge Zainey in recognizing the necessity of offset to avoid double recovery and to promote the policy behind the Valued Policy Law.  Esposito v. Allstate Insurance Co., Civ. Act. No. 06-1837 "A" (Ap. 13, 2007);  Weiss v. Allstate Insurance Co., 3007 WL 892869; Caruso v. Allstate Insurance Co., 2007 WL 625830 (E.D.La.);  Chauvin v. State Farm Fire & Casualty Co., 450 F.Supp.2d 660 (E.D.La. 2006).

required for diversity jurisdiction at the time of removal. Although the issue is a close one, it is the value of the plaintiff's claim, not the value of the underlying policy, determines whether the jurisdictional minimum is satisfied.

The Court finds that the allegations of the petition alone do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum because the remaining coverage is necessarily affected by any flood insurance payments. Furthermore, the plaintiffs has stated that he is willing to stipulate that he will not attempt to recover more than $74,000 for this claim. The Court finds that the defendant has failed to meet its burden of proof under these circumstances.

The Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly, IT IS ORDERED that this matter be and hereby is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 31st day of July, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE